## HANSON v. KITTERMAN et al.

A mortgage foreclosure sale is not rendered invalid by reason of a defective figure in the date of the sale as published in the notice of sale, where a close inspection shows the correct date.

(Opinion filed, May 19, 1909.)

Appeal from Circuit Court, Clark County. Hon. GEORGE H. MARQUIS, Judge.

Action by Hans T. Hanson against Almyra Kitterman and others. Judgment for plaintiff, and defendants appeal. Affirmed.

C. G. Sherwood, for appellants. S. A. Keenan, for respondent.

McCOY, J. This was an action to determine adverse claims to certain lands situated in Clark county. The plaintiff claims to be the owner in fee under a certain mortgage and foreclosure sale thereof by advertisement. Defendant denies plaintiff's ownership and claims fee title in himself. It is conceded by defendant that the fee title to said land was in plaintiff by virtue of said foreclosure, unless it be held that such foreclosure was insufficient by reason of the date of sale, as shown by the published notice, being obliterated and thereby rendered unintelligible to such an extent as not to indicate the date of sale, and thus rendering the notice of sale invalid.

There is but one point involved in this appeal, and that is: Was the foreclosure in question based upon a sufficient notice of sale. The notice seems to meet the requirements of the law in every particular, excepting the figures "15," intended to indicate the date of sale. The figure "1" is perfect, but the top portion of the figure "5" is not real plain, and, unless upon close inspection, might be mistaken for a figure "3." On close inspection it is quite apparent that is not a "3" but a "5." The lower curve, which is perfectly plain, is larger than the lower curve of a "3" of the type used, and the top part as shown could not form the top part of a "3" and is too small for such purpose; but it is evident that the ink on the type of a figure "5" at one little portion of the figure failed to make an impression.

We are of the opinion that the notice of sale was sufficient, and the judgment of the lower court is affirmed.